# THE

# NEW YORK SUPPLEMENT

## VOLUME 124

---

### TETI v. WEST END BREWING CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

LANDLORD AND TENANT (§ 109*)—RENEWAL OF LEASE—SUBSEQUENT TERMINA-TION—ESTOPPEL.

Certain premises were leased; the lessee having the option to termi-nate it at any time a liquor tax certificate could not be procured. His subtenant was afterwards convicted of crime, and her liquor tax certifi-cate forfeited. *Held*, that the lessee's subsequent renewal of the lease for another year did not estop him from terminating it according to its terms, within one year from the forfeiture, on the enactment of a law that a new certificate could not be issued to "any one" for a year after the cancellation of the first, since prior to this act a certificate could have been obtained by any one except the subtenant and her agents.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 109.*]

Appeal from Trial Term, Oneida County.

Action by Nicola Teti against the West End Brewing Company. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Henry F. & James Coupe, for appellant.

Edward Lewis, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was to recover rent under a written lease. The defense was that the lease had been terminated by defendant under its terms before the rent accrued. The premises were leased for the purpose of a saloon. The lease provided that if a liquor tax certificate could not be procured for the sale of ale, beer, and liquors at any time, then the lease should become void at the option of the lessee, and that it might be terminated at the end of any year by a one month's notice in writing of lessee's intent so to do. The lease was dated June 22, 1906, and was for the term of 10 months with the privilege of two years from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

April 30, 1907, on giving notice on or before March 1st each year. The defendant sublet the premises to one Frances Kent, who was convicted December 18, 1907, of keeping a disorderly house, and she vacated the premises January 1, 1908. The lease was continued by the required notice from April 30, 1907, to April 30, 1908, and January 23, 1908, a like notice was served that the lease would be extended from April 30, 1908, to April 30, 1909. The premises were occupied by subtenants, Clement & Hunt, after Mrs. Kent left there, until about the 2d or 3d of May, 1908, when they became vacant. At the time Mrs. Kent was convicted, her liquor tax certificate was canceled, and she could not have another one; but a new certificate could be issued to any one except herself, any member of her family, or her agent, employé, or other person representing her. Laws 1907, c. 345, § 17, subd. 8.

This statute was changed by Laws 1908, c. 144, taking effect April 21st, so that a new certificate could not be issued to any one for one year after the cancellation of the certificate. The defendant first learned of this latter statute the 4th or 5th of May, 1908, and immediately terminated the lease and discontinued the use of the premises. When the lease was continued for the year 1908–09, the premises could be used for a saloon, for which they were leased, by any other tenant than Mrs. Kent or her representatives. So that such continuation did not in any way estop defendant from exercising his option to declare the lease void and to terminate it, when, afterwards, the law was so changed as to prevent obtaining a certificate for that year. The decision of the trial court appears to have been based upon the assumption that from the time Mrs. Kent was convicted no certificate could be obtained for one year, by any one, for the premises, which was not true, until April 21, 1908, when the law was amended. Nor did the fact that the defendant had elected to take the premises for another year prevent its termination of the lease when no certificate could be obtained. That was a right it had under the lease at any time during the term of the lease. The holding over would be merely a continuance of the lease for another year, and could have nothing to do with the termination of the lease because no certificate could be procured.

The judgment for the rent was improperly ordered.

Judgment and orders reversed, and new trial ordered, with costs to appellant to abide event. All concur.